## Daly *et al. versus* Commonwealth to the use of Hackenburg.

1. The commission of an auctioneer under the Acts of April 2d 1822 and April 9th 1859, does not necessarily expire at the end of one year, but may continue for at least three years without a renewal of his bond.

2. Martin having applied for appointment as auctioneer, gave bond conditioned that he should perform all the duties of an auctioneer, &c., "during the period he shall continue to act as auctioneer under the commission that may be granted him." He was afterwards commissioned for one year. *Held,* that the liability of himself and sureties did not expire in one year, but continued while he acted as auctioneer.

3. In a suit on an auctioneer's bond for breach of its condition after the first year, but whilst he was acting as auctioneer, it was not necessary for plaintiff's recovery to show that the auctioneer had paid the license fees for years subsequent to the first.

4. The continuance of the auctioneer in the business was sufficient to support a suit on the bond.

February 19th 1874. Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 61, to July Term 1872.

This was an action of debt on an auctioneer's official bond, brought to the March Term 1871 of the court below by the Commonwealth to the use of W. B. Hackenburg against Thomas H. Martin, Henry M. Daly and John Daly.

The bond was dated June 17th 1868 ; it was as follows :—

"Know all men by these presents : That we, Thomas H. Martin, John Daly and Henry M. Daly, are held and firmly bound unto the Commonwealth of Pennsylvania in the sum of $3000, lawful money, to be paid to the said Commonwealth, &c. * * *

"Whereas, the said Thomas H. Martin has applied to the governor of this Commonwealth, to be appointed an auctioneer to make sales by auction, according to law, at any convenient place in the city of Philadelphia. The condition of this obligation is such, that if the above bounden Thomas H. Martin shall and does, well, truly and faithfully perform all the duties of an auctioneer, and pay all duties and taxes which may become due to the state, in consequence of his exercising the trade or occupation of an auctioneer, to the state treasurer ; and shall from time to time faithfully account for and pay over to the authority aforesaid all public moneys which shall come to his hands during the period he shall continue to act as an auctioneer under the commission that may be granted to him, and accruing to the Commonwealth by reason of any duties and taxes that now are, or may be hereafter imposed on sales at auction, well and faithfully observing and performing the terms of payment, and all the duties required of him as an auctioneer directed and required by law, then the obligation to be void," &c.

.The Act of April 2d 1822, sect. 1, 7 Smith's L. 593, provided,

[Daly *v.* Commonwealth.]

that upon a citizen of Pennsylvania, resident in Philadelphia, giving bond as therein provided, the governor shall issue to him a commission to make sales by auction according to law for the term of one year, his bond to be renewed every three years.

Sect. 2, 1 Br. Purd. 105, pl. 15, provided, "for each succeeding year during which the holder of any commission shall continue to exercise the business of auctioneer, he shall pay in advance to the state treasurer a like sum to that which he paid in obtaining said commission," &c.

By the Act of 9th of April 1859, Pamph. L. 435, 1 Br. Purd. 102, &c., auctioneers in Philadelphia were distributed into five classes, each to give bond in different sums according to the amount of their sales respectively.

The 12th section of this act, 1 Br. Purd. 105, pl. 12, enacted, that all former auction laws, or parts of laws, relating to auctions and auctioneers in Philadelphia, conflicting with the provisions of this act be and the same are hereby repealed.

A commission, dated July 13th 1868, was issued to Martin, viz. :

"Reposing especial trust and confidence, &c., I have appointed you, the said Thomas H. Martin, to be an auctioneer of the fourth class, in and for the city of Philadelphia, to make sales by auction, &c. * * * You are therefore, by these presents, appointed and commissioned to be an auctioneer as aforesaid. To have and to hold the said office of auctioneer, together with all the rights, &c., for the term of one year, to be computed from the day of the date hereof, unless this appointment and commission shall be by me or other lawful authority superseded or annulled."

The cause was tried December 19th 1871, before Mitchell, J.

Under objection and exception by the defendants W. B. Hackenburg testified that he had known Martin as an auctioneer for five or six years; his last place of business was 704 Chestnut street; previously to that his place of business was in Chestnut street below Sixth. Whilst he was auctioneer witness had employed him to sell goods for him; Martin sold the goods and witness received part of the money; there was a balance of $903.41 due him which he never had received.

The court charged:—

"That the evidence was sufficient if they believed it to prove the facts necessary for a recovery by the plaintiff, and that if they believed the evidence they should find a verdict for the plaintiff for the amount claimed."

The verdict was for the Commonwealth for $3000 and for Hackenburg for $945.90.

The defendants took out a writ of error and assigned for error the admission of Hackenburg's testimony and the charge of the court.

[Daly v. Commonwealth.]

*P. Archer, Jr.*, (with whom was *T. J. Barger*), for the plaintiffs in error.

*M. Sulzerberger* and *T. R. Elcock*, for defendant in error.

The opinion of the court was delivered, February 24th 1874, by

AGNEW, C. J.—The learned judge of the District Court has shown satisfactorily that the commission of an auctioneer under the Acts of 2d of April 1822 and 9th of April 1859 does not necessarily expire at the end of one year and may continue for at least three years without a renewal of the bond. The condition of the bond is therefore not limited, and the sureties cannot claim exemption from liability on the ground that their suretyship is restricted to a year. The condition was that Martin should well and faithfully perform all the duties of an auctioneer, would pay all duties and taxes which may become due to the state in consequence of his exercising the trade or occupation of an auctioneer, and account for and pay over all public moneys which shall come to his hands during the period he shall continue to act as an auctioneer under the commission that may be granted to him, and finally, well and faithfully observing and performing the terms of payment, and all the duties required of him as an auctioneer, directed and required by law, &c. It is evident this condition did not restrict the liability of the obligors to any precise period, but extended it to all the time during which he continued in the trade or occupation of an auctioneer. The evidence shows that Martin continued in the business of an auctioneer, and was so acting when he sold the goods of the plaintiff at auction, and absconded with the proceeds, and that this was within the three years during which a renewal of the bond was not to be called for under the Act of 1822. This act is not repealed by the Act of 1859, in those respects in which it does not conflict with the latter. There is no reason, therefore, to hold that the bond expired with the first year of the commission, though the term named in the commission was one year, the intent of the law being to extend the term on payment of the license fee. Nor does the fact that there was no direct evidence of the payment of the license fee for the second and third years, defeat the plaintiff's recovery. The continuance of Martin in the business of an auctioneer was sufficient evidence to support the action. If he failed to pay it, and yet held himself out to the public as a licensed auctioneer, and obtained credit as such, it was a fraud on the public and on the state, of which neither he nor his sureties could avail themselves. Having the power to continue to act under his commission, certainly for three years, without a renewal of his bond, he must be regarded as an auctioneer, in respect to the public who so consider and credit him. It would be an intolerable mischief if one having a lawful commission and a power to continue it by

[Daly *v.* Commonwealth.]

payment of the license fee, were to be exonerated from his bond, and his sureties discharged, by his mere omission to pay the license fee to the state treasurer, a matter unknown to the public. No one could be safe in employing him in the second and third years without an inquiry at the treasury department. The sureties were bound to know the law of his appointment, and that they were liable for the continuance of his occupation, as much as for its primary term ; and they cannot escape on the ground that he has omitted to perform one of the very duties for which they bound themselves, well and faithfully to perform the terms of payment and all the duties required of him as an auctioneer, directed and required by law.

Finding no error in the record, the judgment is affirmed.